IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MUTUAL OF AMERICA LIFE INSURANCE
COMPANY                               :

    v                                 :   Civil Action No. DKC 16-1125

NADINE SMITH, et. al.                 :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this federal interpleader action are two motions for default judgment filed by Plaintiff Mutual of America Life Insurance Company ("Plaintiff") against Defendants Matilda Dawson and Karen Leftride. (ECF Nos. 51; 52). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motions will be DENIED without prejudice to renewal.

**I. Background**

On April 15, 2016, Plaintiff filed this interpleader action, pursuant to 28 U.S.C. § 1335, to resolve competing claims over amounts payable pursuant to annuity contracts issued by Plaintiff and held by Verneda Pigott. (ECF No. 1). The complaint names as defendants eight individuals, including Ms. Dawson and Ms. Leftride; the Estate of Verneda R. Pigott; and the Living Trust of Verneda Pigott. (*Id.* ¶¶ 3-14).

Ms. Leftride was served on April 23, 2016. (ECF Nos. 13; 52-2). She did not file an answer or a responsive pleading. Upon Plaintiff's motion (ECF No. 31), the Clerk entered default against Ms. Leftride on November 7 (ECF No. 43). Service was made upon Linda Thompson, who is authorized to accept service on behalf of Ms. Dawson, on May 26. (ECF Nos. 37; 51-2; 51-3). Ms. Dawson did not file an answer or a responsive pleading. Upon Plaintiff's motion (ECF No. 38), the Clerk entered default against Ms. Dawson on November 22 (ECF No. 46). On February 7, 2017, Plaintiff moved for default judgment against Ms. Dawson and Ms. Leftride. (ECF Nos. 51; 52). Neither defendant has participated in this action, before or after the entries of default.

## II. Standard of Review

Under Fed.R.Civ.P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The court may then enter a default judgment upon motion by the non-defaulting party under Fed.R.Civ.P. 55(b)(2). "In an interpleader action, a default judgment forfeits 'any claim of entitlement' the defaulting party might assert to the interpled property." *Legacy Inv. & Mgmt., LLC v. Susquehanna Bank*, No. WDQ-12-2877, 2013 WL 6990367, at *2 (D.Md. Oct. 2, 2013)

(quoting *Guardian Life Ins. Co. of Am. v. Spencer*, No. 5:10CV00004, 2010 WL 3522131, at *3 (W.D.Va. Sept. 8, 2010)); *see also Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984).

The United States Court of Appeals for the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate where a party is unresponsive, *see S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). While the well-pleaded allegations in a complaint as to liability are taken as true upon entry of default, *Lawbaugh*, 359 F.Supp.2d at 422, "it remains for the Court to determine whether the unchallenged factual allegations support a claim and the relief sought," *Legacy Inv.*, 2013 WL 6990367, at *2 (internal quotation marks and citation omitted).

**III. Analysis**

The complaint alleges that the current beneficiaries of record under the three annuity contracts at issue in this action

3

are Defendants Nadine Smith, Patricia Doxey, and the Estate. (ECF No. 1 ¶ 21). These beneficiary designations were made on April 14, 2015, by Defendant Craig Seymour as guardian for Ms. Pigott, and are contested by Defendant Kim Marie St. Amant, personal representative of the Estate and trustee of the Living Trust, on the ground that Mr. Seymour did not have proper authority as guardian to effectuate a change in the beneficiary designations. (*Id.* ¶¶ 21, 24). The immediately preceding beneficiary designation, dated October 23, 2013, was also made by Mr. Seymour as guardian. (*Id.* ¶ 25). Ms. Leftride and Ms. Dawson were designated as beneficiaries on the October 23 form, as were Ms. Smith, Ms. Doxey, Mr. Seymour, Defendant Lillian Robinson, and Defendant Sylvia Coleman. (ECF No. 1-11).

As the court noted in denying without prejudice Ms. St. Amant's motion for default judgment in the form of a declaratory judgment that Mr. Seymour's beneficiary designations are null and void, many of the defendants may be affected by the disposition of the designations executed by Mr. Seymour. (ECF No. 50, at 1). One of those defendants is Ms. Coleman, who was also named only in the October 23 beneficiary designation and whose estate has not yet been served. While entry of default judgment may be appropriate after all parties have been served and the parties have been realigned, to enter default judgment against only some of the beneficiaries under the October 23

4

designation risks an incongruous result in this case. Accordingly, although Ms. Leftride and Ms. Dawson have been properly served and have not opposed the entries of default against them, the court in its discretion will not enter default judgment at this time. Plaintiff's motions therefore will be denied without prejudice to renewal.

                                                              /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge