IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MUTUAL OF AMERICA LIFE INSURANCE
COMPANY                              :

          v                          :     Civil Action No. DKC 16-1125

NADINE SMITH, et. al.                :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this statutory interpleader action are a motion for discharge, injunction, and attorneys' fees and costs filed by Plaintiff Mutual of America Life Insurance Company ("Plaintiff" or "Mutual of America") (ECF No. 69) and a motion for entry of default filed by Plaintiff (ECF No. 71). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motions will be denied.

I.  **Background**

On April 15, 2016, Plaintiff filed this interpleader action, pursuant to 28 U.S.C. § 1335, to resolve competing claims over the amounts payable pursuant to annuity contracts issued by Plaintiff and held by Verneda Pigott. (ECF No. 1). The only Defendant who has not responded or been defaulted in this case is the Estate of Sylvia Coleman. On August 18, 2017, Plaintiff notified the court that Thomas Coleman was appointed

administrator for the Estate of Sylvia Coleman. (ECF No. 57-1). On October 11, Plaintiff filed an affidavit that service was made on Mr. Coleman on September 29, 2017, at his mailing address, by posting the initial pleading and summons on the front door and mailing a copy of the same.[1] (ECF No. 68). On October 18, Mutual of America filed the pending motion for discharge, injunction, and attorneys' fees and costs. (ECF No. 69).

To date, Defendant Estate of Sylvia Coleman has not responded. The court issued an order directing Plaintiff to file and serve by mail on the Estate of Sylvia Coleman a motion for entry of default and to provide the court with an explanation as to why the method of service utilized by Plaintiff was appropriate and sufficient. (ECF Nos. 70; 71). Plaintiff filed the pending motion for entry of default against Defendant Estate of Sylvia Coleman on November 20 (ECF No. 71), and responded on January 12, 2018, to the court's request for an explanation as to why service on the Estate of Sylvia Coleman was appropriate and sufficient (ECF No. 73).

---

[1] The certificate of appointment of administrator submitted to the court by Plaintiff provides a mailing address for Thomas Coleman in Saint Albans, New York (ECF No. 57-1), which is the address Plaintiff's private process server used to attempt service.

**II. Motion for Entry of Default**

Pursuant to Fed.R.Civ.P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Although this rule refers to entry of default by the clerk, "it is well-established that a default also may be entered by the court." *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982). "It is axiomatic that service of process must be effective under the [Fed.R.Civ.P.] before a default . . . may be entered against a defendant." *Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D.Md. 1996). Plaintiff bears the burden of establishing that service of process was effective. *Ayres v. Ocwen Loan Servicing, LLC*, 129 F.Supp.3d 249, 261 (D.Md. 2015).

Plaintiff asserts that "service was properly effectuated under [New York Civil Practice Law and Rule ("N.Y. C.P.L.R.")] 308 and Fed.R.Civ.P. 4(e) and that the private process server's Affidavit and Declaration . . . serve as adequate proof of service." (ECF No. 73 ¶ 11). Pursuant to Fed.R.Civ.P. 4(e)(1), a plaintiff may serve an individual in an action brought in federal district court by following state law for serving a summons in the state where the district court is located or where service is made. Plaintiff does not argue that service

was properly effectuated under Maryland law, and such is not the case. *See* Md.Code Ann. 2-121(a). Thus, service could only be properly effectuated under New York law. N.Y. C.P.L.R. 308 provides that an individual may be served "(1) by delivering the summons within the state to the person to be served; or (2) by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person at his or her last known residence or . . . actual place of business[.]" N.Y. C.P.L.R. 308(4) provides that an individual may be served, "where service under paragraphs one and two cannot be made *with due diligence*, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business[.]" (emphasis added). This alternate method of service is commonly referred to as "nail and mail" service. *Greene Major Holdings, LLC v. Trailside at Hunter, LLC*, 148 A.D.3d 1317, 1320 (N.Y. App. Div. 2017).

> While the precise manner in which due diligence is to be accomplished is "not rigidly prescribed[,]" the requirement that

> due diligence be exercised "must be strictly observed, given the reduced likelihood that a summons served pursuant to [N.Y. C.P.L.R. 308(4)] will be received[.]" "What constitutes due diligence is determined on a case-by-case basis, focusing not on the quantity of the attempts at personal delivery, but on their quality[,]" and the plaintiff, who bears the burden of establishing that personal jurisdiction over the defendant was acquired, must show "that the process server made genuine inquiries about the defendant's whereabouts and place of employment[.]"

*Id.* at 1320-21 (internal citations omitted).

Here, the process server attempted to serve Mr. Coleman at a particular address in Saint Albans, New York, on Saturday, September 16, 2017, at 7:19 a.m. and Friday, September 22, 2017, at 8:54 a.m. before using "nail and mail" service on Friday, September 29, 2017, at 12:51 p.m. (ECF No. 73-2, at 3). Two attempts to serve process on Mr. Coleman – one being on a weekday when Mr. Coleman could be expected to be away from home – do not satisfy the due diligence requirement. *Compare Greene*, 148 A.D.3d at 1321 (holding that the trial court did not abuse its discretion in finding that the plaintiff did not establish due diligence when the process server attempted to serve the defendant at a particular residence on three occasions, all of which occurred on weekdays and two of which occurred during hours that the defendant could be expected to be at or in transit to work, before using "nail and mail" service); *with*

5

*Estate of Waterman v. Jones*, 843 N.Y.S.2d 462, 464-65 (N.Y.App.Div. 2007) ("'[D]ue diligence' may be satisfied with a few (three) visits on different occasions and at different times to the defendant's residence or place of business when the defendant could reasonably be expected to be found at such location at those times."); *Johnson v. Waters*, 738 N.Y.S.2d 369, 370 (N.Y.App.Div. 2002) (the plaintiff satisfied the due diligence requirement when the process server attempted to serve the defendant three times at his residence – once during normal working hours, once on a Wednesday evening, and once on a Saturday morning – before using "nail and mail" service); *Lemberger v. Khan*, 794 N.Y.S.2d 416, 416 (N.Y.App.Div. 2005) (three attempts by the plaintiffs' process server to serve the defendant at his residence satisfied the due diligence requirement); *Brunson v. Hill*, 595 N.Y.S.2d 314, 335 (N.Y.App.Div. 1993) (mem.) (two attempts sufficient when the attempts were made during a time when a working person might reasonably have been expected to be at home). Additionally, Plaintiff has not shown that the process server made genuine inquiries about Mr. Coleman's whereabouts or his place of employment. Therefore, Plaintiff has not met its burden of establishing that service was properly effectuated under New York law on the Estate of Sylvia Coleman. Such failure, however, does not necessitate dismissal. *Ngabo v. Le Pain*

*Quotidien*, No. DKC-11-0096, 2011 WL 978654, at *2 (D.Md. March 17, 2011); *see also Fidelity & Guar. Life Ins. Co. v. Freeman*, 94 F.Supp.2d 689, 691 (D.Md. 2000) (noting that allowing dismissal would be contrary to the purposes of the interpleader statute because it would not distribute the annuity funds at issue). Therefore, the court will deny Plaintiff's motion for entry of default and provide Plaintiff with another opportunity to effect service of process on Defendant Estate of Sylvia Coleman. Plaintiff's motion for discharge, injunction, and attorneys' fees and costs will also be denied at this time. Plaintiff may refile the motion once service has been effected on the Estate of Sylvia Coleman.

**III. Conclusion**

For the foregoing reasons, the motion for entry of default and the motion for discharge, injunction, and attorneys' fees and costs filed by Plaintiff Mutual of America Life Insurance Company will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge