IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MUTUAL OF AMERICA LIFE INSURANCE
COMPANY                         :

    v                           :    Civil Action No. DKC 16-1125

                                :
NADINE SMITH, et. al.
                                :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this statutory interpleader action are renewed motions for entry of default (ECF No. 81) and for discharge, injunction, and attorneys' fees and costs (ECF No. 82) filed by Mutual of America Life Insurance Company ("Mutual of America" or "Mutual"). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motions will be granted.

**I.  Factual Background**

Verneda Pigott ("Decedent") was the contract holder of an Individual Retirement Annuity ("IRA") and two Flexible Premium Annuity ("FPA") contracts issued by Mutual of America. Under these contracts, if an annuitant dies before the commencement of annuity payments, the value of the contracts becomes payable to the named beneficiaries. (ECF Nos. 1-3; 1-4; 1-5).

Decedent died on May 29, 2015.  (ECF No. 1-15, at 4).  At the time of her death, Decedent had not yet elected to receive annuity payments.  Accordingly, the value of the three contracts became payable to the named beneficiaries.[1]  (ECF No. 1 ¶ 20).  According to the most recent beneficiary designation on file, dated April 14, 2015, the Decedent listed Defendants Nadine Smith, Patricia Doxey, and Estate of Verneda R. Pigott (the "Estate") as primary beneficiaries under all three contracts in shares of 37%, 24%, and 39% respectively.[2]  (ECF No. 1-6).  The beneficiary designations were made by Defendant Craig Seymour, as guardian for Decedent, who was appointed guardian of the property of Decedent by order of the Circuit Court for Montgomery County, Maryland on June 20, 2013.  (ECF Nos. 1-6; 1-7).

Upon notification of Decedent's death, Mutual of America sent letters to Defendants Smith, Doxey, and the Estate, advising them of their respective benefits under the contracts.  (ECF No. 1-8).  Thereafter, Mutual received letters from Defendant Kim St. Amant, as personal representative of the Estate, claiming that the April 14, 2015 beneficiary designation

---

[1] At the time this suit was brought, the value of the three contracts, including interest, totaled $514,466.52.  (ECF No. 1 ¶ 22).

[2] Mutual of America has prior beneficiary designations on file which, among them, name the defendants in this case as beneficiaries.

is invalid because Defendant Seymour lacked the legal authority to make the beneficiary designation. Defendant St. Amant also claimed that a beneficiary designation, dated October 23, 2013, is similarly invalid and that the Decedent lacked the mental capacity to make beneficiary designations on May 7, 2013 and January 24, 2013. (ECF Nos. 1-9; 1-10). Mutual also received a letter from Defendant Doxey, acknowledging the adverse claims asserted by St. Amant and recommending Mutual file an interpleader action. (ECF No. 1-15, at 2).

**II. Procedural Background**

On April 15, 2016, Mutual of America filed this interpleader action, pursuant to 28 U.S.C. § 1335, to resolve competing claims over the amounts payable pursuant to the annuity contracts. (ECF No. 1). Defendants Doxey, Smith, St. Amant, Seymour, the Estate, The Living Trust of Verneda Pigott, Trustee of the Verneda Pigott Trust (the "Living Trust"), and Lillian Robinson answered. (ECF Nos. 16; 17; 25; 28; 30). Default was entered as to Defendants Karen Leftride and Matilda Dawson. (ECF Nos. 43; 46). Mutual of America filed motions for discharge (ECF No. 69) and for entry of default as to the Estate of Sylvia Coleman (ECF No. 71), which were denied because the Estate of Sylvia Coleman had not been served properly. (ECF No. 74). The Estate of Sylvia Coleman was served properly on April 24, 2018. (ECF No. 78). To date, the Estate of Sylvia Coleman

3

has not answered. On June 4, Mutual renewed its motion for entry of default as to the Estate of Sylvia Coleman. (ECF No. 81). On June 7, Mutual renewed its motion for discharge, injunction, and attorneys' fees and costs. (ECF No. 82).

**III. Motion for Entry of Default**

Pursuant to Fed.R.Civ.P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Although this rule refers to entry of default by the clerk, "it is well-established that a default also may be entered by the court." *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982).

Defendant Estate of Sylvia Coleman was served properly on April 24, 2018. (ECF No. 78). The administrator of the Estate of Sylvia Coleman, Thomas Coleman, mailed a letter dated May 7, 2018, to Mutual's counsel. Mutual's counsel filed this letter with the court. (ECF No. 79-1). However, this letter is not an official pleading by the Estate of Sylvia Coleman and Mr. Coleman may not represent the Estate. *See* Local Rule 101.1(a) (D.Md. 2016). Thus, no appearance or answer on behalf of the Estate of Sylvia Coleman has been filed since it was served on April 28, and Mutual's motion for entry of default will be granted.

**IV. Motion for Discharge**

   **A. Standard of Review**

An interpleader action involves two stages. 7 Charles A. Wright et al., *Federal Practice and Procedure* § 1714 (3d ed. 2001); *Rapid Settlements, Ltd. v. U.S. Fid. & Guar. Co.*, 672 F.Supp.2d 714, 717 (D.Md. 2009). In *Metro. Life Ins. Co. v. Vines*, No. WDQ-10-2809, 2011 WL 2133340, at *2 (D.Md. May 25, 2011), Judge Quarles explained them:

> During the first stage, it must be determined whether the stakeholder has properly invoked interpleader. *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007); *Fed. Ins. Co. v. Parnell*, 2009 WL 2848667, at *4 (W.D.Va. Sept. 3, 2009). The propriety of interpleader depends on whether the stakeholder "legitimately fears" multiple litigation over a single fund. The Court considers whether: (1) it has jurisdiction over the suit; (2) a single fund is at issue; (3) there are adverse claimants to the fund; (4) the stakeholder is actually threatened with multiple liability; and (5) equitable concerns prevent the use of interpleader. *High Tech.*, 497 F.3d at 641; *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999).
>    If interpleader is proper, the Court may direct the funds plus interest to be deposited with the Clerk, dismiss the stakeholder with prejudice and discharge it from all liability with respect to the deposited funds, and prohibit the claimants from initiating or pursuing any action or proceeding against the stakeholder regarding the relevant insurance policy or plan. *See, e.g., High Tech.*, 497 F.3d at 641; [*Companion Life Ins. Co. v.*] *Haislett*, 2010 WL 3879338, at *3 [(D.S.C. Sept. 28, 2010)].

5

> During the second stage, a scheduling order is issued and the case continues between the claimants to determine their respective rights. *See, e.g., Rhoades*, 196 F.3d at 600; *Leventis v. First Nat'l Ins. Co. of Am.*, 2010 WL 2595305, at *2 (D.S.C. June 23, 2010). The claimants engage in the "normal litigation processes, including pleading, discovery, motions, and trial." *High Tech.*, 497 F.3d at 641.

**B. Analysis**

**1. Discharge from Further Liability**

First, jurisdiction predicated upon the federal interpleader statute is proper. 28 U.S.C. § 1335(a) grants the district courts original jurisdiction over interpleader claims involving at least $500.00 in funds or property and claimants of diverse citizenship. Here, the adverse claimants are minimally diverse, as the Estate of Sylvia Coleman is based in New York, and the remaining claimants are citizens of Maryland.[3] *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967) ("[The interpleader statute] has been uniformly construed to require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstances that other rival claimants may be co-citizens."). At least $500.00 in funds are at issue in this claim, and Mutual of America has already paid into the court registry $523,145.47.

---

[3] The Estate of Sylvia Coleman's default does not destroy the court's jurisdiction over this interpleader action. *See N.Y. Life Ins. Co. v. Conn. Dev. Auth.*, 700 F.2d 91, 95 (2d Cir. 1983).

Second, the proceeds of the annuity contracts comprise the single fund at issue.

Third, Defendants Smith, Doxey, and St. Amant, on behalf of the Estate and Living Trust, are adverse claimants to the fund because they dispute which beneficiary designation by Decedent is controlling and thus who is entitled to the proceeds and in what amounts.[4] (*See* ECF Nos. 16; 17; 25).

Fourth, Mutual of America is threatened with multiple liability because there are competing claims to the fund, and Mutual of America may be subject to liability for damages if it incorrectly distributes the proceeds under the annuity contracts.

Lastly, Mutual of America acted diligently in initiating this action and only did so after the parties attempted to reach an amicable solution to no avail. (*See* ECF No. 1 ¶ 32). Mutual of America is a disinterested stakeholder as it acknowledges

---

[4] It is unclear what Defendant Seymour's position is regarding distribution of the proceeds. In his answer, Defendant Seymour states that his first beneficiary designation (dated October 23, 2013) was a mistake and that he "attempted with his second designation (dated April 14, 2015) to reverse the first and put it back to the designation that was in place when he became guardian." (ECF No. 30 ¶¶ 24, 25). Thus, it appears Seymour would assert that the beneficiary designation in place before he became guardian, dated January 23, 2013, is controlling, which allocates 60% to Nadine Smith and 40% to Patricia Doxey. This is also the designation which Defendant Smith asserts is controlling. (ECF No. 25 ¶ 27). The other remaining defendant, Lillian Robinson, answered that she wishes to exclude herself as a defendant in this suit. (ECF No. 28).

that it has an obligation to pay the benefits under the annuity contracts and was prepared to do so prior to receiving letters challenging the validity of the most current beneficiary designation and of competing claims to the proceeds. Therefore, Mutual of America will be discharged from further liability and its request for a permanent injunction against future claims regarding the proceeds will be granted.

### 2. Recovery of Attorneys' Fees and Costs

"Despite the lack of an express reference in the federal interpleader statute to costs or attorney's fees, federal courts have held that it is proper for an interpleader plaintiff to be reimbursed for costs associated with bringing the action forward." *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Sprague*, 251 F.App'x 155, 156 (4th Cir. 2007). District courts have the discretion to award fees when "the party initiating the interpleader is acting as a mere stakeholder, which means he has admitted liability, has deposited the fund in court, and has asked to be relieved of any further liability." *Rapid Settlements*, 672 F.Supp.2d at 722 (quoting *Safemasters Co. v. D'Annunzio & Circosta*, No. K-93-3883, 1994 WL 512140, at *5 (D.Md. July 18, 1994)).

> The theory behind the award of attorneys' fees in interpleader actions, an exception to the usual American rule by which parties generally bear their own legal costs, is that plaintiff by seeking resolution of the

> multiple claims to the proceeds benefits the
> claimants and that plaintiff should not have
> to absorb attorneys' fees in avoiding the
> possibility of multiple litigation.

*Aetna Life Ins. Co. v. Outlaw*, 411 F.Supp. 824, 826 (D.Md. 1976).

Mutual of America is a disinterested stakeholder as it (1) acknowledges that it has an obligation to pay the benefits under the annuity contracts and was prepared to do so prior to receiving letters challenging the validity of the most current beneficiary designation and of competing claims to the proceeds; (2) has deposited the interpleaded funds into the court registry; and (3) asks to be relieved of further liability. Therefore, Mutual's request for attorneys' fees and costs will be granted. The court will direct Mutual to provide documentation and affidavits within thirty days specifying reasonable attorneys' fees and costs in connection with this action.

**V. Realignment of Parties**

Mutual of America will be discharged from this case, and the parties will be realigned with St. Amant, the Estate, and Living Trust as Plaintiffs and Doxey, Smith, Seymour, Robinson, Dawson, Leftride, and the Estate of Sylvia Coleman as Defendants. The crossclaim filed by St. Amant, the Estate, and Living Trust (ECF No. 18) will become the operative complaint.

Doxey and Smith have already filed answers to the crossclaim. (ECF Nos. 22, 26). Seymour and Robinson's answers to the interpleader complaint (ECF Nos. 28, 30) sufficiently respond to the claims in the crossclaim and they will not be required to file additional responses. Default has been or will be entered as to Dawson, Leftride, and the Estate of Sylvia Coleman.

**VI. Conclusion**

For the foregoing reasons, the motion for entry of default and the motion for discharge, injunction, and attorneys' fees and costs filed by Mutual of America Life Insurance Company will be granted. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
